# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

| | |
|---|---|
| ZAFER A. AKIN | JUSTIN AMES |
| ROBERT D. SALAMAN | OLENA TATURA |
| | KAYLA S. CALLAHAN |

February 1, 2022

<u>**Via ECF**</u>

The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: ***Larry Arroyo v. J & M Realty Services Corp., et al.***
     Case No. 1:21-cv-03611(PAE)(JLC)
     **<u>Joint Letter in Support of Approval of Revised FLSA Settlement</u>**

Dear Judge Engelmayer:

  We represent the Plaintiff, Larry Arroyo, ("Arroyo" or "Plaintiff") in the above-referenced matter. Defendants J & M Realty Services Corp. ("J & M"), Jerry Edelman ("Jerry"), David Edelman ("David"), and Jessica Edelman ("Jessica") are represented by Davidoff Hutcher & Citron LLP, Defendant 219 E. 27th St. Corp. ("219 E. 27th"), is represented by Riker Danzig Scherer Hyland & Perretti LLP, Defendant 68 Perry Street LLC ("68 Perry"), is represented by Garibian Law Offices, P.C., and Defendant Bra Real Estate Inc. ("Bra"), is represented by Levin-Epstein & Associates, P.C. We respectfully now seek Your Honor's approval of the revised proposed Settlement Agreement ("Revised Proposed Agreement") and submit this letter in support of the Court's approval of the Revised Proposed Agreement. The Revised Proposed Agreement is attached hereto as Exhibit "A".

  On November 3, 2021, the parties reached a settlement in principle to resolve all claims asserted in the Complaint. On December 28, 2021, the parties submitted a proposed Settlement Agreement ("First Proposed Agreement") for the Court's review, along with a joint memorandum of law and exhibits in support of the Court's approval of the First Proposed Agreement. *See* Dkt. 46. On January 13, 2022, the Court issued an Order declining to approve the First Proposed Agreement, without prejudice to the parties submitting a revised Settlement Agreement correcting the deficiencies identified in the Court's Order and for Plaintiff's counsel to provide additional documentation identifying the amount of time spent by each attorney on behalf of Plaintiff. *See* Dkt. 47. The parties respectfully submit this letter to address the issues raised in the Court's January 13, 2022, Order and in support of the Court's approval of the Revised Proposed Agreement. Except as set forth herein, the parties rely upon the positions advanced in and exhibits attached to their joint memorandum of law submitted in conjunction with the First Proposed Agreement. *See* Dkt. 46.

The first issue raised by the Court's Order related to the provenance of Plaintiff's attorney's fee request. Although Plaintiff's counsel attached to the memorandum of law contemporaneous billing records reflecting each billing entry, the aggregate amount of time billed by each individual attorney was not tabulated. To assist the Court in its determination as to the reasonableness of the attorney's fees requested, Plaintiff's counsel provides contemporaneous billing records for each attorney performing work on the case, attached hereto as Exhibit "B".[1] For the reasons set forth in the parties' joint memorandum of law accompanying the First Proposed Agreement and the attached lodestar calculation, the parties submit that the attorney's fees requested are reasonable.

Other than the attorney's fees issue addressed above, the lone remaining basis upon which the Court declined to approve the First Proposed Agreement was the overbreadth of the claims Plaintiff released. The Revised Proposed Agreement resolves this concern in two ways—first, the scope of the claims released by Plaintiff are narrowed to, "any and all wage-and-hour claims and rights that were asserted in the Litigation or that could have been asserted from the facts pled in the Complaint initiating the Litigation." *See* Exhibit "A" at ¶ 6. Second, the Revised Proposed Agreement provides for a mutual release of claims. *Id*.

As Plaintiff is no longer employed by Defendants, the mutual release provides both parties with closure, fully severing the relationship between the parties. *See Khan v. Young Adult Inst., Inc.*, 2018 U.S. Dist. LEXIS 202494 (S.D.N.Y. Nov. 29, 2018). Further, Defendants' release of, "any and all claims and rights arising out of or in any way connected with the Plaintiff's employment with Defendants or the separation of Plaintiff's employment with Defendants," is not a hollow release of the type this Court rejected in *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226 (S.D.N.Y. 2016). Rather, in the instant action, the work Plaintiff performed for Defendants as a janitor/superintendent could give rise to tort claims for which Plaintiff may have liability. Defendants' broad release in the Revised Proposed Agreement therefore has independent value to Plaintiff.

For the foregoing reasons, and those set forth in the parties' joint memorandum of law submitted in conjunction with the First Proposed Agreement, along with the exhibits attached hereto and thereto, we respectfully request that the Court approve the Revised Proposed Agreement and dismiss this case with prejudice. We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Justin Ames*

---

[1] As reflected in the attached records, Plaintiff's counsel did not bill for any work performed on this case after drafting and emailing to Defendants the proposed joint memorandum of law on December 23, 2021. Plaintiff's counsel voluntarily excluded billable work performed, including reviewing the First Proposed Agreement with Plaintiff, between December 23, 2021, and the submission of the First Proposed Agreement, on December 28, 2021. Plaintiff's counsel is not seeking fees for the work performed related to the revision of the proposed settlement agreement and its submission for Court approval, including the drafting of this letter.

Justin Ames
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
justin@akinlaws.com

cc: All counsel of record (via ECF)