# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  This Settlement Agreement and General Release ("Agreement") is entered into by and between Larry Arroyo (hereinafter the "Plaintiff") and J&M Realty Services Corp., 219 E. 27th St. Corp., 68 Perry Street LLC, BRA Real Estate, Inc., Jerry Edelman, David Edelman, and Jessica Edelman (hereinafter the "Defendants") (collectively, the "Parties"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, partners, associates and employees.

2.  <u>Non-Admission</u>. This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.  On or about April 22, 2021, the Plaintiff filed a Complaint in the United States District Court, Southern District of New York, as <u>Larry Arroyo v. J&M Realty Services Corp., 219 E. 27th St. Corp., 68 Perry Street LLC, BRA Real Estate, Inc., Jerry Edelman, David Edelman, and Jessica Edelman</u>, bearing Case No. 21-cv-03611 (the "Litigation"). The Plaintiff and Defendants desire fully and finally to resolve this Litigation and any and all other wage claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Plaintiff against Defendants occurring at any time prior to and including the date on which this Agreement is executed. Plaintiff represents that there are no other similarly situated employees of Defendants, and that Plaintiff's claims are atypical of other employees of Defendants.

4.  <u>Payment to Plaintiff</u>. In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, Defendants agree to pay to the Plaintiff and his attorneys, the total sum of Ninety-Nine Thousand Dollars and No Cents ($99,000.00) (the "Settlement Amount"). This payment is inclusive of all claims for wages, spread-of-hours, overtime, violations of the FLSA, violations of NYLL §§ 191, 195, 215, liquidated damages, compensatory damages, punitive damages, tips, attorneys' fees and expenses. Defendants agree to pay within 45 days of judicial approval of the settlement (the "Payment Deadline"). The Settlement Amount payments shall be made by checks made payable as set forth below and mailed to Akin Law Group PLLC, 45 Broadway, Suite 1420, New York, New York 10006 as follows:

    (a) Nineteen Thousand Four Hundred Seventy-Eight Dollars and No Cents ($19,478.00) to "Larry Arroyo," to be reported to the IRS on Form W-2, and with all applicable Withholdings;

    (b) Thirty-Eight Thousand Nine Hundred Fifty-Six Dollars and No Cents ($38,956.00) to "Larry Arroyo," to be reported to the IRS on Form 1099. This payment represents consideration for Plaintiff's allegations of liquidated damages, personal injuries, emotional distress, anxiety, embarrassment and mental anguish. This is not intended by Plaintiff or Defendants to reflect any lost income by Plaintiff.

(c) Forty Thousand Five Hundred Sixty-Six Dollars and No Cents ($40,566.00) to "Akin Law Group, PLLC", as and for attorney's fees and costs to be reported to the IRS on Form 1099. Prior to payment of the Settlement Amount, the Akin Law Group PLLC will provide Defendants' counsel with the Taxpayer Identification Number and a signed W-9.

5. <u>Default.</u> In the event that the full Settlement Amount is not received by Akin Law Group PLLC on or before the Payment Deadline, Plaintiff shall serve a written notice (the "Default Notice") upon counsel for Defendants by email, and the Defendants shall have seven (7) days from the date on which the Default Notice is sent to cure such default. Upon Defendants' failure to cure a default within seven (7) days from the date on which the Default Notice is sent, counsel for Plaintiff may immediately notify the Court of Defendants' breach.

6. <u>Waiver and Release of Wage and Retaliation Claims</u>. The Plaintiff, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Defendants, their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, stockholders, officers, directors, agents, employees, attorneys and insurers from any and all wage-and-hour claims and rights that were asserted in the Litigation or that could have been asserted from the facts pled in the Complaint initiating the Litigation. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. §201 <u>et</u> <u>seq</u>., the New York State Labor Law §§ 191, 193, 195, 196-d, 198-b, 215, 650, et. seq., 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs,, New York wage payment laws, all as amended; and all civil or statutory wage laws, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for liquidated damages, compensatory damages, punitive damages, wages, tips and attorneys' fees arising out of or in any way connected with the Plaintiff's employment with Defendants or the separation of Plaintiff's employment with Defendants, through the effective date of this Agreement. Defendants, their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, stockholders, officers, directors, agents, employees, attorneys and insurers fully, finally and forever release and discharge Plaintiff, his descendants, dependents, heirs, executors, administrators, assigns, and successors, from any and all claims and rights arising out of or in any way connected with the Plaintiff's employment with Defendants or the separation of Plaintiff's employment with Defendants, other than for any obligations that arise under this Agreement. Nothing in this paragraph shall be construed to limit or prevent either party from enforcing any right under this Agreement.

7. <u>Payment of Applicable Taxes</u>. The Plaintiff is and shall be solely responsible for all federal, state and local taxes that may be owed by the Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. In the event of an audit of Defendants by any taxing authority regarding payments to the Plaintiff in this Agreement, such Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement however, Plaintiff shall not be obligated for any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from Defendants' failure to fully satisfy their FICA tax obligations that may be owed by virtue of the payments made to Plaintiff

2

under this Agreement. Plaintiff shall provide to Defendants on or before the effective date of this Agreement completed and executed IRS Forms W-4 and W-9. Plaintiff shall also provide to Defendants on or before the effective date of this Agreement a completed and executed IRS Form W-9 for their attorneys.

8. Acknowledgment: It is further understood and agreed that the sum of $99,000.00 and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrant that he entered into this Agreement of his own free will and accord, and in accordance with his own judgment. Plaintiff further acknowledges that he has been fully and fairly represented by counsel in this matter. Plaintiff, after consultation with his attorney, Justin Ames, Esq. of the Akin Law Group PLLC hereby states that he and his counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

9. Approval of Settlement and Dismissal of Pending Action: For and in consideration of Defendants payment of the Settlement Amount to Plaintiff, and the terms and conditions elsewhere in this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Litigation; and (2) not to re-file these causes of action, or any other causes of action against Defendants whatsoever, arising from wage and hour employment-related claims raised in the Litigation. On or before December 27, 2021, Plaintiff's counsel will file with the Court through the ECF portal a fairness letter together with a copy of this Agreement requesting that the Court approve this Settlement Agreement. This Agreement will become effective ten (10) days after approval by the Court and payment of the Settlement Amount shall be made pursuant to Paragraph 4 of this Agreement.

10. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

11. Severability. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general Release by the Plaintiff that is not invalid.

12. Headings. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13. Choice of Law. This Settlement Agreement and General Release is to be interpreted pursuant to the laws of New York, except where the application of federal law applies.

14. This Agreement may be executed in multiple originals, each of which shall be considered as an original, but all of which together shall constitute one Agreement, and shall bind the

settling Plaintiffs, their heirs, executors, administrators, successors, assigns, and legal representatives, and Defendants, their successors, assigns, and legal representatives. A photocopy or facsimile of the original documents will have the same force and effect as the original.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have each executed this Agreement on the dates set forth below.

**LARRY ARROYO**

By: *[signature]*
Dated: 1-26-22

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF          )

On JANUARY 26, 2022 before me personally came to me Larry Arroyo known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

*[signature]*
Notary Public

Justin Ames
Notary Public, State of New York
Registration No. 02AM6365802
Qualified in New York County
Commission Expires October 16, 2025

4

6 72 77 v.1

1-25-22
_____
Date

_____
J&M Realty Services, Corp.

_____1-25-22_____                                 _____*signature*_____
Date                                                Jerry Edelman

_____1/25/22_____   _____*signature*_____
Date                  David Edelman

1-25-2022                          *Jessica Edelman* (signature)
Date                                       Jessica Edelman

1/25/2022                          *Karen Bedrosian Richardson*
Date                               219 E. 27th St. Corp.

1/25/2022
Date

_[signature]_
68 Perry Street, LLC

1/31/22
Date

_[signature]_
BRA Real Estate Inc.  David Avital